# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY DUNN, | ) | Case No. CV 24-4185 FMO (PVCx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING ACTION WITHOUT PREJUDICE AS TO DEFENDANT JOHN O'GROATS, INC.** |
| JOHN O'GROATS, INC., et al., | ) | |
| Defendants. | ) | |

On May 29, 2024, the court issued its Standing Order Re: Disability Cases (see Dkt. 10, Court's Order of May 29, 2024), which ordered plaintiff to file a motion for default judgment no later than seven calendar days after default is entered by the Clerk. (Id. at 3). The court admonished plaintiff that "failure to file a motion for default judgment within seven [] days of entry of default by the Clerk shall result in the dismissal of (1) the action and/or (2) the defendant against whom the motion for default judgment should have been filed." (Id. at 3-4) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).

Here, defendant John O'Groat's, Inc. ("defendant") was served with the summons and complaint on June 12, 2024, by substituted service. (See Dkt. 11, Proof of Service). Accordingly, defendant's responsive pleading to the Complaint was due no later than July 3, 2024. See Fed. R. Civ. P. 12(a). Defendant did not answer the Complaint by this date, and on July 10, 2024, plaintiff filed a Request for Entry of Default as to defendant. (See Dkt. 12, Request for Entry of

Default Against defendant John O'Groats, Inc. ("Request")). The clerk granted this Request on July 11, 2024. (See Dkt. 13, Default by Clerk as to defendant John O'Groats, Inc.). Plaintiffs were required to file a Motion for Default Judgment by July 18, 2024, (see Dkt. 10, Court's Order of May 29, 2024, at 3), but no such motion has been filed as of the date of this Order. (See, generally, Dkt.).

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply."). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

Having considered the Pagtalunan factors, the court is persuaded that this action should be dismissed as to defendant John O'Groats, Inc. for failure to comply with a court order and failure to prosecute. Plaintiff's failure to file the motion to default judgment hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action. In other words, plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [her] to control the pace of the docket rather than the Court."

Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Further, plaintiff was warned that failure to file a motion for default judgment would result in a dismissal of the action for lack of prosecution and failure to comply with a court order. (See Dkt. 10, Court's Order of May 29, 2024, at 3-4); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted). Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed as to defendant for failure to comply with a court order and failure to prosecute.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action as to defendant John O'Groats Inc., without prejudice, for failure to prosecute and comply with the orders of the court.

Dated this 25th day of July, 2024.

/s/
Fernando M. Olguin
United States District Judge